WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Castro, | No. CV-22-02046-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis. Regarding screening under 28 U.S.C. § 1915, this is a social security appeal over which this Court has jurisdiction; and, on this limited record, the appeal is not clearly frivolous. *See Kennedy v. Andrews*, 2005 WL 3358205, *2-4 (D. Ariz. December 8, 2005).

Regarding ability to pay, Plaintiff earns $3,112.00 per month. (Doc. 2). Plaintiff's living expenses total $2,451.00 per month. (*Id*.) Thus, after paying all of her expenses per month, Plaintiff has $661.00 in disposable income. The filing fee for this case, that Plaintiff is seeking to have waived, is $402.00.

The Ninth Circuit Court of Appeals has discussed when a district court should grant in forma pauperis status:

> Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious. [footnote omitted] *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir.1984). An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948). The IFP statute does not itself define what constitutes insufficient assets. As this

court has recognized, "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States,* 277 F.2d 723, 725 (9th Cir. 1960). Nonetheless, a plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

…

As noted above, there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status.

*Escobedo v. Applebees,* 787 F.3d 1226, 1234-36 (9th Cir. 2015). The Court of Appeals noted in its analysis: "Once [Escobedo's] rent and debt payments were taken into account, she would have had to dedicate the entirety of two-months' worth of her remaining funds, meaning that she would have to forego eating during those sixty days, to save up to pay the filing fee." *Id*. at 1235.

Here, as stated above, Plaintiff has $661.00 surplus each month after paying all of her living expenses. On this record, the Court finds that Plaintiff can pay the $402.00 filing fee.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is denied. Within 10 days of the date of this Order, Plaintiff shall either pay the filing fee or the Clerk of the Court shall enter a judgment dismissing this case without prejudice.

Dated this 5th day of December, 2022.

James A. Teilborg
Senior United States District Judge